[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff subcontractor, Petco Insulation Company, Inc., commenced this action to recover payment for labor and materials it had furnished in connection with a public works construction CT Page 525 contract between the defendants, City of Waterbury and its Board of Education and defendant, General Contractor, Stack Contracting Services, Inc. The plaintiff brings this action against Stack and Waterbury and its Board of Education.
The plaintiff alleges in count two of its amended complaint that the City "failed to take due precaution for the protection of such furnisher of labor and materials." The City of Waterbury and its Board of Education move for summary judgment on the grounds that it had no duty to provide such protection. Summary judgment is appropriate where the pleadings, affidavits and other proof show that there is no genuine issue as material fact and that the moving party is entitled to judgment as a matter of law. O G Industries v. New Milford, 29 Conn. App. 783, 785 (1992).
Connecticut General Statutes 49-41 provides in pertinent part:
 Before any contract exceeding twenty-five thousand dollars in amount for the construction, alteration or repair of any public building or public work of the state or of any subdivision thereof is awarded to any person, except a design professional, as defined in section 4b-55, that person shall furnish to the state or the subdivision a bond in the amount of the contract which shall be binding upon the award of the contract to that person, with a surety or sureties satisfactory to the officer awarding the contract, for the protection of persons supplying labor or materials in the prosecution of the work provided for in the contract for the use of each such person, provided no such bond shall be required to be furnished in relation to any general bid in which the total estimated cost of labor and materials under the contract with respect to which such sub-bid is submitted is less than fifty thousand dollars. Any such bond furnished shall have as principal the name of the person awarded the contract.
The language of 49-41 "does not place a duty on the [municipality] to ensure that the general contractor furnishes the payment of the bond." O G Industries, 29 Conn. App. at 785. The municipality's failure to compel the general contractor to furnish the payment bond does not give rise to a cause of action against the City by the subcontractor. Id. at 786. Therefore, CT Page 526 the City's failure to ensure the sufficiency of the bond issued cannot give rise to a cause of action.
Accordingly, the City of Waterbury and its Board of Education are entitled to summary judgment and the same is hereby granted.
SYLVESTER, J.